UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X  NOT FOR PUBLICATION
WILLIAM SCHWEITZER,

                Plaintiff,
     -against-  **MEMORANDUM AND ORDER**
                                                                 16-CV-1172 (RRM) (LB)

DETECTIVE TABATHA BRUNSTEIN,
of the 122nd Precinct.; Unnamed Partner,

                Defendants.
-----------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

       On March 7, 2016, *pro se* plaintiff William Schweitzer, currently incarcerated at the Watertown Correctional Facility, filed this action pursuant to 42 U.S.C. § 1983[1] against defendant Detective Tabatha Brunstein and her unnamed partner of the 122nd Police Precinct on Staten Island. (Compl. (Doc. No. 1) at 1–2.)[2] Schweitzer seeks $2 million in damages. (*Id.* at 5.) The Court grants Schweitzer's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 for the purpose of this Order. The complaint is dismissed with thirty (30) days leave to replead as set forth below.

## BACKGROUND

       Schweitzer alleges that a gang member shot bullets at his home, almost killing him and his family, and that, instead of arresting the perpetrators, Detective Brunstein and her partner "dragged [Schweitzer] to the precinct" and interrogated him. (Compl. at 4.) Schweitzer alleges that he showed the police texts on his phone indicating that the gang wanted him to pay an

---

[1] It is not clear whether Schweitzer intends to assert any state law claims, but to the extent that he does, those claims are dismissed without prejudice.

[2] For ease of reference, citations to the record utilize ECF pagination.

1

unspecified amount of money. (*Id.*) Schweitzer was later arrested for a robbery he allegedly committed so he could pay off the gang. (*Id.*) Schweitzer alleges that because Detective Brunstein did not believe he was being extorted, it "cause[d him] to take 6YRS prison time." (*Id.*) Schweitzer sues because "Det. Tabatha Brunstein . . . did nothing to protect my family or make an arrest on the case." (*Id.* at 7.)

## STANDARD OF REVIEW

In reviewing the complaint, the Court is mindful that Schweitzer is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal citation and quotation marks omitted); *accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). A complaint, however, must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court must screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint or any portion of the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. §§ 1915A(a) & (b)(1). *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Moreover, pursuant to the *in forma pauperis* statute, the Court must dismiss the action if it determines that it "(i) is frivolous

or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

In order to maintain a § 1983 action, a plaintiff must show that the defendant (a) acted under color of state law (b) to deprive the plaintiff of a right arising under the Constitution or federal law. *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (citing *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)); *Rehberg v. Paulk*, 132 S.Ct. 1497, 1501–02 (2012). Here, Schweitzer does not allege facts that suggest that he was deprived of his rights under the Constitution or federal law.

First, Schweitzer's claim that Detective Brunstein failed to "protect [his] family or make an arrest," (Compl. at 7), does not rise to the level of a Constitutional or federal violation. A police officer's failure to pursue a particular investigative path is not a constitutional violation. *See, e.g.*, *McCaffrey v. City of New York,* No. 11-CV-1636, 2013 WL 494025, at *5 (S.D.N.Y. Feb. 7, 2013) ("[A] 'failure to investigate' is not independently cognizable as a stand-alone claim."); *Newton v. City of New York,* 566 F. Supp. 2d 256, 278 (S.D.N.Y. 2008) ("[T]here is no constitutional right to an adequate investigation."); *Blake v. Race,* 487 F. Supp. 2d 187, 212 n.18 (E.D.N.Y. 2007) (rejecting claim of failure to investigate as a violation of due process); *Stokes v. City of New York*, No. 05-CV-0007, 2007 WL 1300983, at *6 (E.D.N.Y. May 3, 2007) ("[I]t is well-settled that there is no independent claim for a police officer's purported failure to investigate."). Therefore, Schweitzer's claim that Detective Brunstein failed to investigate or arrest other alleged perpetrators is dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B)(ii).

Second, it is unclear whether Schweitzer alleges that he was falsely arrested by Detective Brunstein and/or her partner. Schweitzer does not identify the officer who arrested him for the robbery charge. However, if a liberal reading of the pleading "gives any indication that a valid claim might be stated," the Court should grant leave to amend. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). As it is unclear whether Schweitzer seeks to raise a false arrest claim against Detective Brunstein or another police officer, the Court grants Schweitzer leave to file an amended complaint.

Schweitzer is advised that the elements of a false arrest claim require the plaintiff to show that "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Weyant v. Okst*, 101 F.3d 845, 853 (2d Cir. 1996) (alteration in original) (internal quotation marks and citation omitted). The existence of probable cause to arrest "is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983." *Id.* at 852 (internal citation and quotation marks omitted); *accord Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007); *see also Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006) (noting that a claim for false arrest turns on whether probable cause existed to arrest a defendant). "[A]n arrest is not unlawful so long as the officer has knowledge of, or reasonably trustworthy information as to, facts and circumstances sufficient to provide probable cause to believe that the person arrested has committed *any crime*." *Zellner v. Summerlin*, 494 F.3d 344, 369 (2d Cir. 2007) (emphasis added) (citing *Devenpeck v. Alford*, 543 U.S. 146, 155 (2004)). However, a plaintiff cannot establish a constitutional violation for false arrest if he pleads guilty. *See McLennon v City of New York*, 14-CV-6320, 2016 WL 1089258, at *8 (E.D.N.Y. Mar. 18, 2016); s*ee also Timmins v. Toto*, 91 F. App'x 165, 166–67 (2d Cir. 2004) ("An officer who

4

arrests with probable cause cannot be liable for false arrest, and, by pleading guilty to the stipulated but lesser offenses, [defendant] conceded that [the officer] had probable cause for all charges covered by the plea agreement."); *but see Chillemi v. Town of Southampton*, 943 F. Supp. 2d 365, 377 (E.D.N.Y. 2013) ("[T]he fact of conviction is an affirmative defense to be raised by the Defendants.").

## CONCLUSION

Accordingly, the complaint, filed *in forma pauperis*, is dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B)(ii). The Court grants Schweitzer leave to file an amended complaint within thirty (30) days from the date of this Memorandum and Order should Schweitzer have a good faith basis to allege a false arrest claim against Detective Brunstein or any other police officer.

If Schweitzer elects to file an amended complaint, it shall be captioned "Amended Complaint" and bear the same docket number as this Memorandum and Order. The amended complaint shall completely replace the original complaint. If Schweitzer fails to file an amended complaint within the time allowed or show good cause why he cannot comply, judgment dismissing this action shall be entered. No summons shall issue at this time. If submitted, the amended complaint will be reviewed for compliance with this Memorandum and Order and for sufficiency under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this Memorandum and Order to Schweitzer and note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York  *Roslynn R. Mauskopf*
       August 8, 2016

_____
ROSLYNN R. MAUSKOPF
United States District Judge