UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X  NOT FOR PUBLICATION
WILLIAM SCHWEITZER,

                  Plaintiff,

   -against-                            **MEMORANDUM AND ORDER**
                                                16-CV-1172 (RRM) (LB)

DETECTIVE TABATHA BRUNSTEIN,
122 Pct.; UNNAMED PARTNER, 122 Pct.,

                  Defendants.
----------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

*Pro se* plaintiff William Schweitzer, incarcerated at the Watertown Correctional Facility, filed this action pursuant to 42 U.S.C. § 1983 against defendant Detective Tabatha Brunstein and her unnamed partner of the 122nd Police Precinct on Staten Island. (*See* Compl. (Doc. No. 1) at 1–2.) By Memorandum and Order dated August 8, 2016, the Court granted Schweitzer's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and directed him to file an amended complaint within 30 days should he have a basis for alleging a false arrest claim against Detective Brunstein or any other police officer. (*See* 8/9/16 Order (Doc. No. 11).) On August 17, 2016, Schweitzer filed an amended complaint and a notice of interlocutory appeal. (Am. Compl. (Doc. No. 12); Notice of Interlocutory Appeal (Doc. No. 13).) On February 3, 2017, the Second Circuit dismissed Schweitzer's interlocutory appeal. *See Schweitzer v. Brunstein*, No. 16-2920 (2d Cir. Feb. 3, 2017). As set forth below, Schweitzer's amended complaint fails to state a claim. Therefore, the action is dismissed.

## BACKGROUND

The following facts are drawn from Schweitzer's amended complaint and are assumed to be true for purposes of this memorandum and order. Schweitzer alleges that on April 10, 2015, a gang member shot bullets at his home and that witnesses identified the shooter, but that Detective Brunstein "failed to protect and serve" by failing to arrest the shooter. (Am. Compl. at 10–14).[1] Schweitzer seeks $2 million in damages for Detective Brunstein's alleged failure to make an arrest.[2]

## STANDARD OF REVIEW

In reviewing the amended complaint, the Court is mindful that plaintiff is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). An amended complaint, however, must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a) & (b)(1); *accord* 28 U.S.C. § 1915(e)(2)(B).

---

[1] All citations to pages of the Complaint refer to the Electronic Court Filing System ("ECF") pagination.

[2] On November 7, 2015, Schweitzer was arrested for burglary, a crime he claims that he committed in order to appease those that fired shots into his home. (Am. Compl. at 10.)

2

## DISCUSSION

In order to maintain a § 1983 action, a plaintiff must show that the defendant acted under color of state law to deprive the plaintiff of a right arising under the Constitution or federal law. *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (citing *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1984)); *see also Rehberg v. Paulk*, 132 S.Ct. 1497, 1501–02 (2012). Here, Schweitzer does not allege facts that suggest that he was deprived of rights under the Constitution or federal law.

Schweitzer's claim against Detective Brunstein does not rise to the level of a Constitutional or federal violation. A police officer's failure to pursue a particular investigative path is not a constitutional violation. *See, e.g., McCaffrey v. City of New York*, No. 11-CV-1636 (RJS), 2013 WL 494025, at *5 (S.D.N.Y. Feb. 7, 2013) ("[A] 'failure to investigate' claim is not independently cognizable as a stand-alone claim . . . ."); *Newton v. City of New York*, 566 F.Supp.2d 256, 278 (S.D.N.Y. 2008) "[T]here is no constitutional right to an adequate investigation"); *Blake v. Race*, 487 F.Supp.2d 187, 212 n.18 (E.D.N.Y. 2007) (rejecting claim of failure to investigate as a violation of due process); *Stokes v. City of New York*, No. 05-CV-0007 (JFB), 2007 WL 1300983, at *6 (E.D.N.Y. May 3, 2007) ("[I]t is well-settled that there is no independent claim for a police officer's purported failure to investigate."). Therefore, Schweitzer's claim that Detective Brunstein failed to investigate or arrest other alleged perpetrators is dismissed for failure to state a claim. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

## CONCLUSION

Accordingly, the Court dismisses the instant *pro se* complaint for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United*

3

*States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment accordingly and close this case.

The Clerk of Court is directed to mail a copy of this Memorandum and Order along with the Judgment to Schweitzer and note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
      October 25, 2017

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge